Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740


Proposed Counsel for Debtor and
Debtor-in-Possession


# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:26-bk-11058-SC |
| Senior Classic Leasing, LLC, | Chapter 11 |
| Debtor and Debtor-in-Possession. | Jointly Administered With: |
| | 8:26-bk-11056-SC<br>8:26-bk-11057-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Affects: | |
| Sun Gir Incorporated, Harshad & Nasir Incorporated, DFG Restaurants, Incorporated, Second Star Holdings, LLC, and Third Star Investments, LLC | |
| | **NOTICE OF DEBTOR AND DEBTOR-IN-POSSESSION'S EX PARTE MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HARSHAD DHAROD THEREOF** |

**MOTION**

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, THE TWENTY LARGEST UNSECURED CREDITORS, IF KNOWN, AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Harshad & Nasir, Incorporated ("HAS"), the debtor and debtor-in-possession ("Debtor") in the above-captioned Chapter 11 proceeding ("Case"), hereby moves ("Motion") *ex parte* for entry of an order authorizing the joint administration of the Debtor's case and the related cases ("Related Cases") of Sun Gir, Incorporated, Case No. 8:26-bk-11056-SC, Harshad & Nasir Incorporated, Case No. 8:26-bk-11057-SC, DFG Restaurants Incorporated, Case No. 8:26-bk-11060-SC, Second Star Holdings, LLC, Case No. 8:26-bk-11061-SC, and Third Star Investments, LLC, 8:26-bk-11062-SC (together, "Cases").  Joint administration will include: (i) use of a single docket for administrative matters; (ii) combining notices to creditors and parties in interest; (iii) scheduling joint hearings; and (iv) joint handling of other administrative matters pursuant to section 105(a) of the Bankruptcy Code, Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-(1)(b) of the Local Bankruptcy Rules ("Bankruptcy Rules").  Sun Gir Incorporated Case No. 8:26-bk-11056-SC will be designated as the lead case.

The Motion is based on this Notice and Motion, the Memorandum of Points and Authorities included herewith, and the attached declaration of Harshad Dharod ("Dharod Declaration").

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

2

MOTION

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

**PLEASE TAKE FURTHER NOTICE** that the Debtor requests that this Motion be considered on an *ex parte* basis.  Pursuant to Local Rules 1015-1(b)(1)[1] and 9013-1(q)[2], the Court may grant the Motion without notice or hearing.

The Debtor believes the most efficient and effective manner in which to administer the Cases is to jointly administer them.  Joint administration of the Cases will allow the Debtors, Sun Gir (Lead Case), Harshad & Nasir, Senior Classic Leasing, DFG Restaurants, Second Star Holdings, and Third Star Investments (collectively "Debtors") to benefit from increased efficiency because they will not be required to review and separately respond to similar motions, filings and other pleadings that would otherwise be filed in the separate Cases, and this Court will not need to review duplicate motions and pleadings.  Joint administration will potentially save the Debtors' estates significant administrative fees and costs, save the Court numerous hours in setting and hearing matters, and in reviewing separate sets of virtually identical pleadings in the six cases.

The Debtors do not request substantive consolidation of the Cases at this time.  Nothing contained in this Motion is intended to compel substantive consolidation of the assets of the Debtors' respective estates (collectively, "Estates").  Since the Debtors require only joint administration of the Cases, no substantive rights will be prejudiced by the relief requested herein, and no conflicts will result therefrom.  Accordingly, the Debtor requests that the Motion be granted.

---

[1] Local Bankruptcy Rule 1015-1(b)(1) provides: "If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without further notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015 and LBR 9013-1(q), supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administration burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest."

[2] Local Bankruptcy Rule 9013-1(q) provides: "Motions and Matters Determined without Additional Notice and without a Hearing.  Unless otherwise ordered by the court, the following motions and matters may be determined without a hearing and without additional notice, because the parties requiring notice already receive notice via an NEF.  (1) Motion for Joint Administration of Case Pending in the Same Court [LBR 101-1(b)]."

MOTION

Dated: April 6, 2026

By:   */s/ Eric Bensamochan*
Eric Bensamochan, Esq.
Proposed Counsel for Debtor and
Debtor-in-Possession

MOTION

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     FACTUAL BACKGROUND**

On April 2, 2026 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Central District of California ("Court"). The Debtor continues to operate and manage its affairs as debtor and debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No committee has been designated in the Case.

Also on April 2, 2026 five related entities filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, case nos. 8:26-bk-11056-SC, 8:26-bk-11058-SC, 8:26-bk-11060-SC, 8:26-bk-11061-SC and 8:26-bk-11062-SC.  Collectively the Debtor and the related five additional entities operate a combined fifty-nine (59) Carl's Junior Restaurants throughout Southern California.

**II.    PROPOSED PROCEDURE FOR JOINT ADMINISTRATION**

The Debtor proposes the following procedure for joint administration:

(1)    The use of a single docket (*In re Sun Gir, Incorporated,* Case No. 8:26-bk-11056-SC) for administrative matters, including the filing, lodging, and docketing of pleadings and orders, and parties in interest shall be directed to use the caption attached hereto as **Exhibit 1**.  Each pleading or paper filed, however, shall indicate which of the Debtors is affected by or is a party to the subject filings;

(2)    The combining of notices to creditors and parties-in-interest;

(3)    The joint scheduling of hearings;

(4)    The joint handling of other administrative matters;

(5)    Notice of the joint administration of the estates will be separately filed and docketed in each of the Cases in substantially the form of the proposed notice attached hereto as **Exhibit 2**.  On all other Court dockets for the related Cases, creditors and parties-in-interest will be directed to the

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

MOTION

Debtor's docket to locate all pleadings filed subsequent to the date on which the Court enters an order authorizing the joint administration of the Cases;

(6)    Each debtor shall maintain its own claims register to avoid the confusion that may result if the claims registers were consolidated; and

(7)    The Debtors will continue to operate, as they have in the past, as separate and distinct entities, and will continue to maintain separate books and records.

## III.    JOINT ADMINISTRATION OF THE CASES WOULD YIELD SUBSTANTIAL ADMINISTRATIVE BENEFITS

Under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Further, "…a bankruptcy court has the inherent power to control its docket, including controlling the timing of proceedings on that docket." *In re Bellucci*, 119 B.R. 763, 770 (Bankr. E.D. Cal. 1990), citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

The Court has sufficient power to order joint administration of related cases.

Bankruptcy Rule 1015(b) provides that joint administration may be appropriate when two or more related debtor entities have filed for protection under the Bankruptcy Code.  Bankruptcy Rule 1015 provides:

> The court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against: (A) spouses, (B) a partnership and one or more of its general partners, (C) two or more general partners, or (D) a debtor and an affiliate.  Before issuing a joint-administration order, the court must consider how to protect the creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. Proc. 1015(b).  Joint administration is typical when related business entities file for chapter 11 bankruptcy relief and seek to employ similar reorganization

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

6

MOTION

strategies, and when the success of one entity may depend on success of another.  See 9 Collier on Bankruptcy, ¶ 1015.03 (15th ed. rev. 2008).

Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced.  See In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); In re H & S Transportation Co., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985).  As set forth in the official 1983 Advisory Committee Note to Rule 1015:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

The Cases present the classic situation for joint administration as numerous cords of administrative commonality connect the Debtors, militating in favor of the central administration of the Cases.  Joint administration will increase the Debtors' chances of successful reorganization as it will avoid wasting resources that would result through the duplication of effort if the Cases were to proceed separately and the same motions and applications were required to be filed in each Case.  It will permit each of the Debtors to respond more efficiently to the demands of their creditors and will reduce attorneys' fees, photocopying costs, mailing costs and other costs of administering the Cases.  The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because creditors will not be required to review duplicative motions and other pleadings that would otherwise be filed in the separate cases.  Moreover, through joint administration of the Cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for a large number of nearly identical pleadings in the Cases.

The rights of the Debtors' respective creditors will not be adversely affected by joint administration of the Cases.  The Debtor does not propose at this point to take any action that would constitute substantive consolidation of the Debtors' Estates but is merely

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

MOTION

seeking authorization for procedural measures that will simplify and facilitate the efficient administration of the Cases.

By reason of the foregoing, joint administration of the Cases is in the best interests of all interested parties.

## IV.    NO NOTICE OR HEARING IS REQUIRED

Local Rule 1015-1(b) expressly provides that the Court can order joint administration without notice and hearing:

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without further notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015 and LBR 9013-1(q), supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

Accordingly, pursuant to Local Rule 1015-1(b), the Court may order the joint administration of the Cases without notice or hearing.

## V.    CONCLUSION

The primary goal of a Chapter 11 reorganization is to maximize the value of a debtor's estate for the benefit of creditor and equity constituencies.  Related to that goal, and of significant importance as well, is the efficient administration of the bankruptcy cases so that the debtors-in-possession can emerge quickly and begin distributions.  Both these goals will be furthered by permitting the joint administration of the Cases as sought in this Motion.

**WHEREFORE**, the Debtor prays that the Court enter an order:

1.    Granting this Motion in its entirety.

2.    Authorizing joint administration of the Debtors' Cases as provided herein.

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

MOTION

3.      Granting such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: April 6, 2026

By:    */s/ Eric Bensamochan*
Eric Bensamochan
Proposed Counsel for Debtor and
Debtor-in-Possession

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

9                                                    MOTION

## DECLARATION OF HARSHAD DHAROD

I, Harshad Dharod, declare as follows:

1.      I am an officer of Harshad & Nasir, Incorporaed, the debtor and debtor-in-possession ("Debtor") in the above-captioned chapter 11 case ("Case").  I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.  I am submitting this Declaration in support of the *Motion for Order Authorizing Joint Administration of Chapter 11 Cases Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 1015* ("Motion").  Any terms not specifically defined herein shall have the meaning provided in the Motion.

2.      The Debtor seeks entry of an order authorizing the joint administration of the Debtor's Case with the bankruptcy cases of related debtors Sun Gir Incorporated Case No. 8:26-bk-11056-SC, Harshad & Nasir Incorporated, Case No. 8:26-bk-11057-SC, DFG Restaurants, Incorporated, Case No. 8:26-bk-11060-SC, Second Star Holdings, LLC, Case No. 8:26-bk-11061-SC, and Third Star Investments, LLC, Case No. 8:26-bk-11062-SC (together, "Cases").  Sun Gir Incorporated Case No. 8:26-bk-11056-SC will be designated as the lead case.  I am also an officer or manager of each of the five related entities.

3.      I believe joint administration of the Cases will allow the multiple debtors to benefit from increased efficiency because they will not be required to review and separately respond to similar motions, filings and other pleadings that would otherwise be filed in the separate Cases.  Joint administration will potentially save the Debtors' estates significant amounts in administrative fees and costs, save the Court numerous hours in setting and hearing matters, and in reviewing separate sets of virtually identical pleadings in the three Cases.

4.      I propose that all pleadings relating to the Cases contain a joint caption in substantially the form attached hereto as Exhibit 1 and incorporated herein by this

MOTION

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

reference, and that all such pleadings shall be filed and maintained under the existing docket of the lead case, Sun Gir, Incorporated.

5.     A notice of joint administration substantially similar to that attached hereto as Exhibit 2 and incorporated herein by this reference will be sent to all creditors and will be filed in each of the Debtors' Cases.

6.     For the foregoing reasons, I believe that it is in the best interest of the Estates to jointly administer these Cases.

7.     I do not believe that creditors will be adversely affected by joint administration of the Cases.  At this time, the Debtors are not proposing to take any action that would constitute substantive consolidation of their estates, but only seek authorization for procedural measures that will simplify and facilitate the efficient administration of the Cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6rd day of April, 2026, at La Palma, CA.

Harshad Dharod

The Bensamochan Law Firm
2685 Overland Ave., Suite 650
Los Angeles, CA 90064

11

MOTION

# Exhibit 1



Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740

Proposed Counsel for Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:26-bk-11056-SC |
| SUN GIR INCORPORATED, | Chapter 11 |
| Debtor and<br>Debtor-in-Possession. | Jointly Administered With: |
| | 8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Affects:<br><br>Harshad & Nasir, Incorporated,<br>Senior Classic Leasing, LLC,<br>DFG Restaurants, Incorporated,<br>Second Star Holdings, LLC, and<br>Third Star Investments, LLC | |
| | **NOTICE OF DEBTOR AND DEBTOR-IN-POSSESSION'S EX PARTE MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HARSHAD DHAROD THEREOF** |

**EXHIBIT 1**

# Exhibit 2

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Eric Bensamochan, Esq.   SBN 255482<br>THE BENSAMOCHAN LAW FIRM, INC.<br>2566 Overland Ave. Suite 650<br>Los Angeles, California 90064<br>Tel.  (818) 574-5740<br>Fax. (818) 961-0138<br>Email: eric@eblawfirm.us<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor and Debtor-in-Posession | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  Santa Ana Division**

| | |
|---|---|
| In re:<br>    SUN GIR INCORPORATED<br><br>                                                Debtor(s)<br>------------------------------------------------------------------<br>In re:<br><br>HARSHAD & NASIR, INCORPORATED, SENIOR CLASSIC LEASING, LLC, DFG RESTAURANTS, INCORPORATED, SECOND STAR HOLDINGS, LLC, AND THIRD STAR INVESTMENTS, LLC<br>                                                Debtor(s)<br>_____ | LEAD CASE NO.: 8:26-bk-11056-SC<br><br>CHAPTER:  11<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO.:  8:26-bk-11057-SC<br><br>CASE NO.:  8:26-bk-11058-SC<br><br>CASE NO.:  8:26-bk-11060-SC<br><br>CASE NO.:  8:26-bk-11061-SC<br><br>CASE NO.:  8:26-bk-11062-SC<br>☐ See attached for additional Case Numbers |
| ☒ Affects All Debtors<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ See attached for additional Debtors<br><br>                                                Debtor(s) | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br>[No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES:  An order was entered on (*date*) _____ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:

Date: 04/06/2026                                    By:  /s/Eric Bensamochan
                                                          Signature

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

| In re:  Senior Classic Leasing, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:26-bk-11058 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

**A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF DEBTOR AND DEBTOR-IN-POSSESSION'S EX PARTE MOTION AND EX PARTE MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HARSHAD DHAROD IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  April 6, 2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
 Eric Bensamochan Eric@eblawfirm.us
 United States Trustee ustpregion16.sa.ecf@usdoj.gov
 Kenneth Misken DOJ-UST Kenneth.M.Misken@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On  April 6, 2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
 The Honorable Scott C. Clarkson
 U.S. Bankruptcy Court, Ronald Reagan Federal Building
 411 West Fourth St., Ste. 5130
 Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 6, 2026 | Jennifer Svonkin | /s/ Jennifer Svonkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*                                                                                   **9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-8
Case 8:26-bk-11058-SC
Central District of California
Santa Ana
Mon Apr  6 19:03:06 PDT 2026

Senior Classic Leasing, LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623-2530

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Carl's Jr. Restaurants LLC
c/o Eric Goldberg, Esq.
2000 Avenue of the Stars, Ste 400 N Towe
Los Angeles, CA 90067-4735

Carl's Jr. Restaurants LLC
c/o Richard G. Greenstein
1201 W Peachtree St., Ste 2800
Atlanta, GA 30309-3450

Hewlett-Packard Financial Services Co
200 Connell Dr.
Berkeley Heights, NJ 07922-2816

(p)MCLANE COMPANY  INC
ATTN NEAL MAYES
P O BOX 6115
4747 MCLANE PARKWAY
TEMPLE TX 76504-4854

The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

US Securities & Exchange Commission
444 S Flower St., # 900
Los Angeles, CA 90071-2934

United States Trustee
411 W Fourth Street
Santa Ana, CA 92701-4504

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Eric Bensamochan
The Bensamochan Law Firm, Inc.
2566 Overland Ave, Ste 650
Los Angeles, CA 90064-3371

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

McLane Foodservice, Inc
2085 Midway Rd.
Carrollton, TX 75006

End of Label Matrix
Mailable recipients    11
Bypassed recipients     0
Total                  11